584 A.2d 220
RONALD BENDA v. SHERI BENDA.

May 18, 1990.

This matter having come before the Court on defendant's motions for reconsideration of the denial of defendant's petition for certification and for a "full complement" of judges to consider the matter, which we interpret to involve a motion for a plenary determination of the underlying merits;

And the Court having concluded that reconsideration of the matter is warranted but that a disposition on the merits is not warranted;

And it appearing that the Indiana courts determined permanent custody in proceedings at which defendant and the children did not appear due to her reliance on a subsequently reversed order of a New Jersey trial court judge that awarded custody to her and purported to enjoin plaintiff from proceeding in Indiana;

And the Court having noted that the Indiana courts have expressed an intention to exercise their jurisdiction to consider

defendant's application for relief, which may include a determination of permanent custody effectuating the best interests of the children that would be based on a plenary hearing;

And the Court also having noted that the Indiana courts have expressed an intention to exercise jurisdiction to determine the interim physical custody of the children, implicating their safety, health, and well-being, only after defendant appears in Indiana with the children;

And the Court being of the view that a plenary hearing on the best interests of the children with respect to interim and permanent custody, with all parties present, should be conducted as soon as may be practicable before the courts of Indiana;

And the Court having concluded that the courts of New Jersey may exercise limited jurisdiction based on the physical presence of defendant and her children, which exercise of jurisdiction should be directed only to the physical custody of the children, implicating their safety, health, and well-being, until such time as the courts of the state of Indiana can conduct a hearing on the application for interim and permanent relief;

And the Court having determined that the interests of justice require it to exercise that jurisdiction;

And good cause appearing:

It is ORDERED that the motion for a plenary hearing of this matter is denied; and it is further

ORDERED that the motion for reconsideration is granted, and defendant's petition for certification is granted; and it is further

ORDERED that the orders of the courts below directing defendant to turn over custody of the children to plaintiff in Indiana are stayed pending the hearing and determination by the Indiana courts of defendant's emergency application in respect of custody, temporary and permanent; and it is further

ORDERED that the matter is remanded to the trial court to conduct a hearing and reach a new determination on interim physical custody pending action by the courts of Indiana, with full opportunity for plaintiff to participate in said hearing; and it is further

ORDERED that the trial court's determination may permit the removal of the children to Indiana if the court finds that there is no emergency posing a danger to the safety, health, and well-being of the children and if their presence is required by the Indiana courts in the exercise of their custody jurisdiction, said determination to be without prejudice, however, to the interests of either party and the children in respect of custody, interim or permanent, and subject to conditions assuring their safety, health, and well-being; and it is further

ORDERED that the trial court record and determination shall be certified and made available to the Indiana courts; and it is further

ORDERED that the trial court's interim physical custody order shall be superseded by subsequent determinations of the Indiana courts in respect of the custody of the children, interim or permanent.

Jurisdiction is not retained.

Chief Justice WILENTZ and Justices HANDLER, O'HERN, GARIBALDI, and STEIN join in this order. Justices CLIFFORD and POLLOCK did not participate.